# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., <br><br>    Plaintiff,<br>vs.<br><br>ISAAC CALDERON, MAHONRY J. SANCHEZ, VENTO NORTH AMERICA, LLC, AND LIME PRO EQUIPMENT USA,<br><br>    Defendants. | CASE NO. 12CV2029-GPC(WMc)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE**<br><br>[ECF No. 14.] |

## INTRODUCTION

Presently before the Court is a Motion to Transfer Venue filed by Defendants Isaac Calderon, Mahonry J. Sanchez, Vento North America, LLC, and Lime Pro Equipment USA ("Defendants"). (ECF No. 14.) Plaintiff Icon Health & Fitness ("Plaintiff") opposed the motion, (ECF No. 19), and Defendants replied, (ECF No. 24). The motion is submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons stated herein, the Court **GRANTS** Defendants' Motion to Transfer Venue.

## BACKGROUND

In July 2008, Plaintiff, a company with its principle place of business in Utah, sued Defendants, residents of California, in the United States District Court for the District of Utah claiming, *inter alia*, trademark and trade dress infringement for Plaintiff's "ONE-TOUCH" trademark. (ECF No. 1 at ¶¶ 1, 55.) In October, 2008, the case settled and the District Court of Utah signed a stipulated permanent

injunction related to the case. (ECF No. 1 at ¶ 57.) On May 16, 2012, Plaintiff filed an action against Defendants in Utah for breach of the 2008 stipulated injunction and settlement agreement, patent infringement, violation of the Utah Deceptive Trade Law, and trademark infringement regarding the "iFit" and "iFit.com" trademarks. (ECF No. 14-1 at 3: 2-5, 18-22.) On August 16, 2012, Plaintiff filed the instant case alleging Defendants have "continued distributing, selling, offer for sale, importing, or otherwise using in commerce products that incorporate the ONE-TOUCH Trademark." (ECF No. 1 at ¶ 58.) Plaintiff also claims Defendants have committed trademark and unfair competition violations by their use of the "NORDICTRAIN" mark, which is allegedly confusingly similar to Plaintiff's "NORDICTRACK" mark. (ECF No. 1 at ¶ 35.) Defendants have moved to transfer this case to the District of Utah. (ECF No. 14.)

**I.    Legal Standard**

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, the district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Thus, in ruling on a motion to transfer to a jurisdiction where the case might have been brought, the Court evaluates three elements: (1) convenience of the parties; (2) convenience of the witnesses; and (3) interests of justice. Safarian v. Maserati N. Am., Inc., 559 F. Supp. 2d 1068, 1071 (C.D. Cal. 2008). "[A] motion to transfer venue for convenience pursuant to 28 U.S.C. § 1404(a) does not concern the issue 'whether and where' an action may be properly litigated. It relates solely to the question where, among two or more proper forums, the matter should be litigated to best serve the interests of judicial economy and convenience to the parties." Injen Tech. Co. v. Advanced Engine Mgmt., 270 F. Supp. 2d 1189, 1193 (S.D. Cal. 2003) (citations omitted). According to the Ninth Circuit, in exercising discretion, the court may consider factors such as:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). In arguing for transfer of venue,

"[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

## II. Analysis

Defendants seek a transfer of venue to the District of Utah. In opposition, Plaintiff does not argue that the case could not have been brought in the District of Utah; therefore, the relevant inquiry is whether this Court should transfer this action for the convenience of the parties and witnesses, and whether transfer is in the best interests of justice. See 28 U.S.C. § 1404(a).

### A. Convenience of the Parties

Defendants allege the District of Utah is a more convenient location for both Defendants and Plaintiff because they are involved in actions currently pending in that district, (ECF No. 14-1 at 4: 13-19), and the causes of action, issues, and products substantially overlap, (ECF No. 14-1 at 6: 1-7). Plaintiff claims, to the contrary, that it is not inconvenienced by litigating in California. (ECF No. 19 at 3: 1-3.) Plaintiff states it specifically chose this district because Defendants reside, maintain their principle place of business, committed the alleged violations, and have witnesses in San Diego County. (ECF No. 19 at 2: 22-25.) The Court will consider the convenience of the parties by analyzing the relevant Jones factors. See Jones, 211 F.3d at 498-99.

#### 1. The Location Where Relevant Agreements Were Negotiated and Executed

Defendants allege that the stipulated permanent injunction, agreed upon in the District of Utah between the Plaintiff and Defendants, gives rise, in part, to both the 2012 Utah action and the action before this Court. (ECF No. 14-1 at 2: 2-9.) Specifically, at the time Plaintiff filed the 2012 Utah action, Plaintiff also moved for contempt of the 2008 stipulated injunction. (ECF No. 14-1 at 2: 10-11.) In the instant action, Plaintiff asserts Defendants committed trademark infringement for use of the term ONE TOUCH, a trademark restricted by the 2008 stipulation. (ECF No. 14-1 at 2: 10-17.) Plaintiff claims that while it filed a contempt motion in Utah in relation to the 2008 stipulated injunction, the motion did not include trademark infringement. (ECF No. 19 at 3: 11-14.)

The parties to this case entered into an agreement and stipulated injunction, signed by the court in the District Court of Utah, involving the trademark "ONE TOUCH." This is highly relevant because

Defendants executed an agreement, in Utah, to refrain from business activities at issue in the instant case. This factor weighs in favor of transfer to Utah.

### 2. The State that is Most Familiar With Governing Law

Defendants claim that if the motion to transfer is granted, the Plaintiff's California Unfair Competition Law claim "would be replaced with State law claims pled under Utah law upon transfer." (ECF No. 14-1 at 5: 12-15.) Plaintiff claims this is a misreading of the law and the Utah court would be required to interpret Plaintiff's California state law claim. (ECF No. 19 at 7: 23-27.)

Even after transfer, the laws of the transferor State will continue to apply. Van Dusen v. Barrack, 376 U.S. 612, 643 (1964). The public interest in trying Plaintiff's California claim in California weighs against transfer to Utah, as California courts are most familiar with their own laws.

### 3. The Plaintiff's Choice of Forum

Defendants claim Plaintiff's selection of this forum should be afforded no deference because Plaintiff, located in Utah, is forum shopping in California. (ECF No. 14-1 at 5: 19-20.) Plaintiff states it chose this forum because it is where a majority of Defendants reside, where the Defendants' business operations are based, and where the Defendants are headquartered. (ECF No. 19 at 7: 9-13.) Plaintiff claims its choice of forum should be given substantial deference. (ECF No. 19 at 6: 17-20.)

The general rule is that a plaintiff's choice of forum is afforded substantial weight. Decker Coal Co., 805 F.2d at 843. However, "[t]he degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff does not reside in the venue or where the forum lacks a significant connection to the activities alleged in the complaint." Williams v. Bowman, 157 F. Supp. 2d 1003, 1107 (N.D. Cal. 2001) (citing Fabus Corp. v. Asiana Exp. Corp., C-00-3172PJH, 2001 WL 253185 (N.D. Cal. Mar. 5, 2001)). Here, the Plaintiff does not reside in California but the forum is significantly connected to the activities alleged in the Complaint, specifically, the Defendants' business activities in this district. Plaintiff's choice of forum shall be granted deference and weighs against transfer of venue to Utah.

### 4. The Respective Parties' Contacts with the Forum Generally and Relating to Plaintiff's Cause of Action

Relating to the parties' contacts with Utah, Defendants cite that Plaintiff's headquarters is in

1  Utah, Defendant Sanchez is in Utah, and the parties to the instant action are currently litigating a similar
2  issue in Utah. (ECF No. 14-1 at 4: 13-19.) Additionally, Defendants cite that the District of Utah
3  issued a stipulated permanent injunction that gives rise in part to the action before this Court. (ECF No.
4  14-1 at 2: 2-9.) Plaintiff claims that Defendants Calderon and Vento reside in San Diego, Defendants'
5  business operations are in San Diego, and the Defendants' corporate headquarters are in San Diego.
6  (ECF No. 19 at 6: 9-12.) Further, Plaintiff alleges corporate documents demonstrating infringement
7  and the extent of Plaintiff's harm are likely housed at Defendants' corporate office in San Diego. (ECF
8  No. 19 at 1: 19-21.)

9  Transfer is appropriate to a more convenient forum, not one which would "prove equally
10 convenient or inconvenient." Van Dusen, 376 U.S. 612 at 646. Here, the contacts with each forum are
11 almost equally significant, however, the overall contact with Utah is greater due to the 2012 Utah case
12 and relevant 2008 Utah litigation at issue in Plaintiff's motion for contempt. These factors weigh in
13 favor of transfer to Utah.

14  **5.   The Differences in the Costs of Litigation in the Two Forums**
15 Defendants claim they have significantly less means than the Plaintiff so it is not a small
16 inconvenience for Defendants to litigate in two districts. (ECF No. 14-1 at 6: 1-7.) Plaintiff does not
17 indicate any financial difficulty with litigating in two forums. Considering the existing obligation
18 regarding the 2012 litigation in Utah, the potential savings in cost of litigating in a single forum in
19 either a consolidated or coordinated fashion, compared with litigating simultaneously in both California
20 and Utah, weigh in favor of transfer to Utah.

21  **6.   Compulsory Process to Compel Attendance of an Unwilling Non-Party Witness**
22 Neither Plaintiff nor Defendants have discussed concern over compelling the attendance of an
23 unwilling witness.

24  **7.   The Ease of Access to Sources of Proof**
25 Defendants claim the location of books and records weighs in favor of transfer because Plaintiff
26 and Defendant Sanchez are in Utah along with their books and records, and note that much of the
27 required documents are electronic so location is immaterial. (ECF No. 24 at 5: 13-18.) Furthermore,
28

Defendants claim the same discovery will be involved in both the Utah and California actions and claim it is unreasonable to repeat the same discovery multiple times. (ECF No. 24 at 6: 4-7.) Plaintiff claims the corporate documents demonstrating infringement and the extent of Plaintiff's harm are likely housed in Defendants' corporate office in San Diego. (ECF No. 19 at 1: 19-21.)

Plaintiff has not cited any particular difficulties with access to sources of proof in the action filed in Utah against Defendants. Furthermore, the discovery required in the Utah case is inevitably similar to that which would be required in the instant case, therefore, the ease of access to proof weighs in favor of transferring this case to Utah.

Considering the aforementioned factors, the Court finds that Defendants have made a "strong showing of inconvenience" for the parties involved to litigate this case in California. See Decker Coal Co., 805 F.2d at 843. The factors discussed above weigh in favor of granting a transfer of venue for the convenience of the parties.

**B.     Convenience of the Witnesses**

Defendants contend the District of Utah is less burdensome for witnesses because of multiple overlapping actions currently in Utah. (ECF No. 14-1 at 4: 20-22.) Defendants also claim the Plaintiff and its representatives are going to be witnesses and, because they are located in Utah, that district is more convenient for them as well. (ECF No. 14-1 at 4: 22-24.) Finally, Defendants allege that while Plaintiff claims it will likely depose all of Defendant Vento's employees, Vento does not have additional employees for Plaintiff to depose because it is a very small company with very little resources. (ECF No. 24 at 24: 3-11.) Plaintiff alleges that the majority of Defendants' employees are located in San Diego, many of whom will be deposed by Plaintiff; therefore, it would be less burdensome for these witnesses to appear in San Diego. (ECF No. 19 at 6: 22-28.) Further, Plaintiff claims two of the three of Defendants' witnesses reside in San Diego County. (ECF No. 19 at 6: 22-24.) Finally, Plaintiff states that, to the extent Defendants intend to call Plaintiff or any of its employees as witnesses, the inconvenience of travel between Salt Lake City and San Diego is fairly minimal.

Defendants have demonstrated that the witnesses likely to be deposed are either located in Utah or will be involved in similar litigation with the Plaintiff in Utah. However, Plaintiff has shown that

1 deposing Defendants' employees in San Diego is of minimal inconvenience. In consideration of the likelihood that all witnesses to the instant case will be required to appear in Utah for the cause of action filed in that district, the convenience of the witnesses weighs in favor of consolidating these efforts in one forum, weighing in favor of transfer of venue to Utah.

### C.     Interests of Justice

Defendants claim that concurrent but separate litigation involving the same parties, products, and issues would be inefficient, wasteful, and risk conflicting results, (ECF No. 14-1 at 5: 5-6), and the interests of justice are promoted by consolidating or coordinating the Utah and California actions, (ECF No. 24 at 1: 26-27). Furthermore, Defendants claim the District of Utah has far more interest in this matter as it retained jurisdiction over the 2008 settlement and stipulation, and has an interest to protect its citizens under the laws of that state. (ECF No. 14-1 at 4, 5: 25-27, 6-8.) Plaintiff claims that the Ninth Circuit has held that a court may exercise extraterritorial jurisdiction to prevent trademark infringement, and transferring this case to Utah would deprive Plaintiff of substantive rights. (ECF No. 19 at 2: 13-16.) Furthermore, California has an interest in deciding the California Unfair Competition Law claim. (ECF No. 19 at 8: 5-6).

Section 1404(a) was designed to prevent unnecessary inconvenience and expense to parties, witnesses, and the public. Continental Grain Co. v. The FBL-585, 364 U.S. 19, 21 (1960). The inquiry into whether another forum better serves the interest of justice is "not whether one venue or another would be the best venue; but rather whether there is a venue that is more convenient." F.T.C. v. Watson Pharms., Inc., 611 F. Supp. 2d 1081, 1086 (C.D. Cal. 2009). Defendants and Plaintiff have engaged, and continue to engage, in litigation in Utah regarding Defendants' business practices. While each cause of action is unique, the source of the action, the parties, and the related discovery is not. Accordingly, as the party with the burden of proof, Defendants have met their burden of a strong showing that transferring this action to Utah to coordinate these actions and the efforts therein is more convenient for all involved and better serves the interests of justice.

26 / / / /
27 / / / /
28 / / / /

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Transfer Venue to the District of Utah.

**IT IS SO ORDERED.**

DATED:  March 27, 2013

HON. GONZALO P. CURIEL
United States District Judge